IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CITIMORTGAGE, INC.,<br><br>**Plaintiff**<br><br>       v.<br><br>ISABEL BELTRE VICENTE a/k/a<br>ISABEL CLARITA BELTRE VICENTE,<br><br>**Defendants** | **CIVIL NO.** 11-1728(JAG) |

**JUDGMENT**

Upon plaintiffs application for judgment, and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against defendant for its failure to plead or file an answer to the complaint, or otherwise appear in the above cause, against which defendant plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The mortgage constituted by defendant Isabel Beltre Vicente a/k/a Isabel Clarita Beltre Vicente by deed Number 119,059.00, before Notary Public Myrtelena Díaz Pedrosa, at San Juan, Puerto Rico, on November 7th, 2002, securing a mortgage note, payable to the order of Pan American Financial Corporation, further negotiated or endorsed to the order of plaintiff, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of defendant in the above cause, on the mortgaged premises, as described in paragraph seventh of the complaint on file in the above cause, to wit:

**---URBANA: Solar de forma rectangular que mide 12 metros de frente por 21 metros de fondo marcado con el número 26 de la manzana CG de la Urbanización Puerto Nuevo, propiedad de la Everlasting Development Corporation, que radica en el Barrio Monacillos de la Municipalidad de Rio Piedras, Puerto Rico, con un área superficial de 252.00 metros cuadrados, en lindes por el Norte, Sur, Este y Oeste con terrenos de la Everlasting Development Corporation y dando frente al Norte con la calle denominada número 18. Enclava una casa de bloques de cemento y hormigón reforzado que consta de 2 dormitorios, sala comedor, cocina y cuarto de baño.**

**---Inscrita al Tomo Móvil 29 de Monacillos, Registro de la Propiedad de Puerto Rico, Sección Tercera de San Juan, Finca 6,180.**

2. Defendant Isabel Beltre Vicente a/k/a Isabel Clarita Beltre Vicente as debtor under said note and as present owner of the land and buildings hereinbefore referred to, is hereby ordered and adjudged to pay unto plaintiff CitiMortgage, Inc. the sum of $105,685.18 of principal of said mortgage note, plus interest at the rate of 7 % per annum, which at the date of September 15th, 2011, amounted to the sum of $7,065.26 plus interest due from now on and until complete and full payment of principal at a per diem of $20.27, plus costs, charges, disbursements and attorneys' fees in the amount of $11,905.90, in the above cause, plus all expenses and advances made by the plaintiff.

3. In default of the payment of the sums hereinbefore specified or of any part thereof, within the ten (10) days from the date of entry of this judgment, the mortgaged property described in paragraph one (1) hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

4. Reinaldo Cestero is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by the Court.

5. The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the

purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $119,059.00.

6. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

   a. To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum of $11,905.90, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.
   b. To the payment of all expenses and advances made by the plaintiff for an amount not to exceed $11,905.90.
   c. To the payment of that part of the indebtedness owed to plaintiff up to the amount of $105,685.18 of principal with interest thereon from November 1st, 2010, until the date of full payment at the rate of 7 % per annum, plus the balance of the sum of $11,905.90 for costs, charges, disbursements, expenses and attorney's fees due in the above cause, after deduction of the expenses mentioned in the preceding subparagraph (a).
   d. If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

7. Plaintiff in this proceeding may apply to this Court for such further orders as it may deem advisable to its interest, in accordance with the terms of this judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of January, 2012.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
